UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EVA GREEN,

                              Plaintiff,

             -vs-                                                            13-CV-229C

RESOLUTION PERFORMANCE GROUP, INC.,

                              Defendant.

---

On February 28, 2008, plaintiff Eva Green commenced this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. (Item 1), and on March 1, 2013, the Clerk of the Court issued a summons by mail to defendant Resolution Performance Group, Inc. (Item 3). No proof of service was filed, and defendant failed to appear. Plaintiff did not move for entry of default, or take any further action in the case. Therefore, on August 15, 2013, this court issued an order pursuant to Rule 41(b) of the Local Rules of Civil Procedure for the Western District of New York directing plaintiff to show cause within 30 days as to why this case should not be dismissed for failure to prosecute (Item 5). The court has received no response from plaintiff.

      Rule 41(b) of the Federal Rules of Civil Procedure provides:

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Courts may exercise this dismissal power *sua sponte*. *Phillips v. Artus*, 2013 WL 6384597, at *2 n. 4 (N.D.N.Y. Dec. 6, 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). The Second Circuit has held that, because "dismissal is a harsh remedy to be utilized only in extreme situations," *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) (internal quotation marks and citation omitted), the determination of whether to dismiss for failure to prosecute must involve careful consideration of several factors, including:

> (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights, and (5) whether lesser sanctions would be appropriate.

*Thompson v. Nationwide Collections, Inc.*, 2010 WL 456815, at *2 (W.D.N.Y. Feb. 4, 2010) (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254-55 (2d Cir. 2004)).

In this case, plaintiff has taken no action since the filing of the complaint in February 2013, and did not respond to the court's order to show cause within the time allotted despite clear notice that failure to do so could result in dismissal for failure to prosecute. This complete inaction has resulted in delay of significant duration, all attributable to plaintiff, weighing strongly in favor of dismissal.

Defendant has not answered or appeared in this action, and is not likely to suffer any prejudice by further delay. This factor does not weigh heavily in favor of dismissal.

The fourth factor requires the court to consider the balance between calendar congestion and the plaintiff's right to present her case. *See Norden Sys.*, 375 F.3d at

257.  In this regard, " 'a court must not let its zeal for a tidy calendar overcome its duty to justice.' " *Feurtado v. City of New York*, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) (quoting *Davis v. United Fruit Co.*, 402 F.2d 328, 331 (2d Cir. 1968), *cert. denied*, 393 U.S. 1085 (1969)).   Nonetheless, " 'fairness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources' " may require dismissal under Rule 41(b).  *Id.*  (quoting *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 668 (2d Cir. 1980)).

Here, although plaintiff's inaction has caused some wasteful expenditure of judicial resources, the court cannot conclude that the overall effect on docket congestion has been significant.  However, when balanced against the due process accorded to plaintiff in providing ample opportunity to present her this case and comply with the order to show cause, this factor weighs in favor of dismissal.  *See Chira*, 634 F.2d at 668 ("Burgeoning filings and crowded calendars have shorn courts of the luxury of tolerating procrastination.").

Finally, plaintiff's complete inaction in the face of the court's clear warning of the consequences leads only to the conclusion that plaintiff has no intention of proceeding with this action, and that any sanction short of dismissal would be ineffective.  *See Thompson*, 2010 WL 456815, at *3 (finding lesser sanctions inappropriate where plaintiff failed to take any action to prosecute FDCPA case following entry of default against defendant); *Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc.*, 2000 WL 1677984, at *4 (S.D.N.Y. Nov. 8, 2000) (finding lesser sanctions

inappropriate based on repeated failures to comply with court orders).  This factor also weighs in favor of dismissal.

On balance, therefore, the circumstances of plaintiff's complete inaction following the filing of the complaint in this matter weigh in favor of dismissal of the case for failure to prosecute.  Accordingly, this action is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure for the Western District of New York. The Clerk is directed to close this file accordingly.

So ordered.

    \s\ John T. Curtin
    JOHN T. CURTIN
    United States District Judge

Dated: December   18   , 2013
p:\pending\2013\13-299.dismiss.dec17.2013